## JOHNSON v. STATE TAX COMMISSION

John L. Flynn, Ashland, argued the cause for plaintiff and filed a brief for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for defendant and filed a brief for defendant.

Decision for defendant rendered November 23, 1965.

EDWARD H. HOWELL, Judge.

Plaintiffs filed this suit to set aside an income tax deficiency assessed by defendant for the year 1961.

Plaintiffs, residents of Oregon and owners of a ranch in Jackson County, exchanged the ranch for

property in California in 1961. Plaintiffs contend they suffered a loss on the trade and deducted such loss on their 1961 income tax returns. Defendant disallowed the loss and plaintiffs filed suit in this court.

The first issue is whether plaintiffs actually suffered a loss on the exchange. The parties stipulated to a basis of $128,361.19 in the Oregon property. The plaintiffs offered evidence that the California property had a fair market value of $70,500. It is not necessary to discuss the evidence. The plaintiffs sustained the burden of proof regarding the value of the California property and that value is accepted at $70,500.

ORS 316.281 provides generally that no gain or loss is recognized if property is exchanged for property of a like kind. The question of like kind is not in issue. As the exchange in this case involved property located in California, ORS 314.290 must be considered. This statute provides:

"314.290. Deferral of tax recognition of gain limited to cases where newly acquired property within Oregon's jurisdiction. For tax years beginning on or after January 1, 1957, where laws relating to taxes imposed upon or measured by net income make provision for deferral of tax recognition of gain upon the voluntary or involuntary conversion or exchange of tangible real or personal property, such provisions shall be limited to those conversions or exchanges where the property newly acquired by the taxpayer has a situs within the jurisdiction of the State of Oregon."

The defendant contends that under the above statute if the newly acquired property is without the State of Oregon and a gain occurs on the exchange it was the intention of the legislature that such gain be taxed immediately and not deferred. The plaintiffs agree. However, the defendant also argues that if the

exchange resulted in a loss to the taxpayer, as in this case, the loss is precluded under ORS 316.281 and that ORS 314.290 relates only to gains on exchanges and not losses.

■■■ In other words, under ORS 316.281 no gain or loss is recognized if the exchanges are of property of like kind. ORS 314.290 qualifies ORS 316.281 by limiting the nonrecognition of gain to cases where the newly acquired property is within the State of Oregon. If the newly acquired property received in the exchange is located outside of Oregon and a gain is made on the exchange, it is taxable. The terms of ORS 314.290 refer only to a *gain* on the exchange being taxable if the newly acquired property is outside the State of Oregon. It does not state that a loss on such an exchange is deductible.

■ This court cannot construe ORS 314.290 to include transactions resulting in a loss when the title of the statute and the language therein specifically refer to a "deferral of tax recognition of *gain*." This court fully realizes that this results in the inequity of a tax being assessed if a gain is realized on the exchange and no deduction if a loss is sustained. This amounts to a "heads I win, tails you lose" situation. This court, however, cannot rewrite the statutes. The words "gain" and "loss" are simple words, obviously appearing many times in the tax statutes. The legislature undoubtedly had a reason for not allowing a loss when such loss occurred in exchanging Oregon property for out-of-state property. Therefore, when a loss is sustained on a voluntary exchange of like property and the newly acquired property is located outside the State of Oregon, the provisions of ORS 316.281 apply and "No * * * loss shall be recognized."

The order of the tax commission is affirmed.